THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CODY WILLIAM MARBLE,<br><br>Plaintiff,<br><br>vs.<br><br>MELISSA STRECKER, ANDREA BETHEL, JARED POOLE, HEATHER SMITH, DEVIN ERICKSON and the CITY OF MISSOULA,<br><br>Defendants. | CV 13-00186-M-DWM-JCL<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Cody Marble has filed a Complaint, alleging Defendants violated his constitutional rights when they arrested him, searched his vehicle, confiscated marijuana found in his vehicle, and filed reports of parole violations against him. (Complaint, Doc. 2.) Marble's claims regarding false arrest, false imprisonment, malicious prosecution, reports of violation, and deprivations of property fail to state a claim upon which relief may be granted. Those claims and Defendants Erickson and the City of Missoula will be recommended for dismissal. Defendants Strecker, Bethel, Smith, and Poole will be required to file a response to Marble's claims regarding the search of his vehicle, his due process claims regarding his initial parole revocation hearing, and his retaliation claim.

Read liberally, the Complaint alleges a federal claim invoking federal

1

subject matter jurisdiction.  28 U.S.C. § 1331, 28 U.S.C. § 1343(a).

## I.  Statement of the Case

### A.  Parties

Marble is a prisoner proceeding without counsel.  He is incarcerated in

Montana State Prison.  Marble names the following Defendants:  Probation and

Parole Officers Melissa Strecker, Andrea Bethel, Jared Poole, and Heather Smith;

Missoula City Police Officer Devin Erickson; and the City of Missoula.

(Complaint, Doc. 2 at 5.)[1]

### B.  Statement of Facts[2]

Marble was released on parole from in July, 2010.  *Marble v. Swanson*, OP

11-0531, 363 Mont. 414 (November 15, 2011).  Marble secured a medical

marijuana card while under parole supervision which was due to expire on

September 27, 2011.  *Id*.  At the request of the Montana Department of

Corrections, the Board of Pardons conducted a hearing on July 26, 2011 and

---

[1]Marble voluntarily dismissed his claims against the State of Montana and the parole officers in their official capacities on November 6, 2013.  (Doc. 6.)

[2]Marble provided no factual allegations in his Complaint.  The Statement of Facts is taken primarily from the documents attached to the Complaint.  *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011)(a court may "consider materials that are submitted with and attached to the Complaint" in resolving a Fed.R.Civ.P. 12(b)(6) motion.)  The Rule 12(b)(6) standard is applied in the prescreening context.  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

included a special condition on Marble's parole not allowing him to participate in the medical marijuana program. *Id.* Consequently, Marble's parole officer confiscated his medical marijuana card. *Id.* Sometime shortly after his card was confiscated, Marble automatically received a new medical marijuana registry card from the Montana Department of Health and Human Services, because he had changed caregivers. (Response to Marble's State Habeas Petition, Doc. 2-1 at 26.)

On September 8, 2011, Missoula City Police Officer Erickson responded to a call from Leann Dontigny who told Erickson that Marble had punched her in the face. Erickson observed minor bleeding on Ms. Dontigny's bottom lip. (MPD Case Report, Doc. 2-1 at12.) Thereafter, Dontigny called Officer Andrea Bethel and told her that Marble had punched her in the face. (Bethel Incident Report, Doc. 2-1 at 6.) As a result, Bethel and Officer Melissa Strecker went to Gull Boats where Marble was working.

When asked about the incident Marble told Strecker and Bethel that when he went home for lunch, Britney Wells, who was visiting his brother, asked for a ride. When he was dropping off Ms. Wells, another woman named Leann pulled up and assaulted Ms. Wells. After giving this statement, Marble was transported to the Missoula Police Department and interviewed by Officer Erickson. At the end of the interview, Marble was cited for assault and per Bethel and Strecker arrested for

a parole violation. (Strecker Incident Report, Doc. 2-1 at 5; Erickson Case Report, Doc. 2-1 at 13.)

Officers Bethel and Strecker returned to Gull Boats and decided to search Marble's vehicle. While searching the trunk of his car, Strecker found a bag of marijuana in the spare tire compartment of the trunk's floor. Officer Erickson was notified and the drugs were seized and taken to the Missoula Police Department. Officer Strecker indicated in her report that they had confirmed that Marble did not have a medical marijuana card. (Strecker Incident Report, Doc. 2-1 at 5.) Marble alleges in his Complaint that there was a valid medical marijuana card sitting in plain sight in his vehicle. (Complaint, Doc. 2 at 8.)

On September 14, 2011, Probation and Parole Officer Jared Poole filed a Report of Violation with the Board of Pardons and Parole. Poole alleged that Marble had committed the following violations: (1) Marble was charged with assaulting Dontigny; (2) Marble was in possession of 30 grams of marijuana and was charged with criminal possession of dangerous drugs; (3) Marble failed to cooperate with Officer Bethel when he told her he lost his cell phone; and (4) Marble was off agenda when he picked up Brittney Wells and was driving her to a friend's house somewhere near the mall. Poole recommended that Marble to be returned to Montana State Prison to answer the above allegations. (Report of

Violation, Doc. 2-1 at 2-3.)

An on-site hearing was held at the Missoula County Detention Facility on September 22, 2011 and was attended by Marble, Poole, and Heather Smith, the Montana Department of Corrections Hearings Officer.  Marble requested five witnesses at the hearing:  Jerry Marble, his father; Blaine Marble, his brother; Brittany Wells; Officer Poole; and Leann Dontigny.  Officer Smith left messages for Jerry Marble and Leanne Dontigny on September 21, 2011 but never heard back from them.  Officer Smith spoke with Blaine Marble who told her the marijuana was his.  Smith was unable to contact Brittany Wells.  Smith found probable cause existed to believe Marble had violated three of the four listed conditions of parole.  She dismissed the violation regarding being off agenda because the wrong month that the violation occurred was typed on the report. Officer Smith opined that Marble could not be supervised in a community setting. (September 22, 2011 Summary of On-Site Hearing, Doc. 2-1 at 7-9.)

Marble subsequently filed a grievance challenging the sufficiency of the September 22, 2011 on-site hearing on Due Process grounds.  On February 7, 2012, the Administrator of the Adult Community Corrections Division of the Montana Department of Corrections found in Marble's favor, and ordered a new on-site hearing.  (Response to Marble's State Habeas Petition, Doc. 2-1 at 27.)

A second or amended Report of Violation was prepared by Poole on February 24, 2012. This report of violation contained the same alleged violations as the original report but it added two additional violations because lab results indicated Marble had used marijuana between August 25, 2011 and August 31, 2011 and between August 31, 2011 and September 6, 2011. (February 24, 2012 Report of Violation, Doc. 2-1 at 17-19.)

A second on-site hearing was conducted at Missoula Probation and Parole Office on March 7, 2012. Present at the hearing were: Marble; Poole; Colin Stephens, Marble's attorney; Officer Erickson; Jerry Marble, Marble's father; Blaine Marble, Marble's brother; Kim Lahiff, Missoula ISP Officer; Melissa Strecker; Andrea Bethel; Sarah Braseth, Crime Lab Toxicologist; and Kathleen Beccari, Montana Department of Corrections Hearings Officer. At this hearing, Beccari found probable cause existed to support the two newly alleged violations for use of marijuana (the two allegations added in the February 24, 2012 report of violation). But Beccari found a lack of probable cause with regard to any of the original alleged violations.

With regard to the marijuana found in Marble's vehicle, Marble's brother Blaine testified that the marijuana was his and that he had purchased it the morning of September 8, 2011. Blaine testified that he got a ride to Gull Boats where

Marble was working, got his bike out of Marble's car, and put the marijuana in the trunk because he was on his way to work. Blaine did not tell Marble the marijuana was in the vehicle.

The alleged schedule/agenda violation was dismissed because Marble testified that he did not deviate from his schedule and while it could have been considered a visitor violation it was not cited as such.

With regard to the assault charge, Marble's attorney presented a deferred prosecution agreement between Marble and Missoula Municipal Court. Pursuant to that agreement the charges were disposed of without an admission or finding of guilt. After hearing testimony from Officer Erickson, the Hearings Officer did not find probable cause for the violation. Ms. Dontigny was not called as a witness.

With regard to the cell phone, Jerry Marble testified the phone was his and about a week after the incident, Gull Boats called him and told him the cell phone was found on top of a filing cabinet in the business.

On April 6, 2012, Marble filed a petition for writ of habeas corpus with the Montana Supreme Court challenging the parole condition that prohibited him from participating in any medical marijuana program and from using marijuana while on parole. The Department of Corrections conceded that the Parole Board exceeded its authority in revoking Marble's parole solely for using marijuana while he

possessed a valid registry card. Marble was released on May 23, 2012 and his habeas petition was deemed moot on July 19, 2012. *Marble v. Ferriter*, 365 Mont. 559, 286 P.3d 592 (Mont. 2012).

### C. Statement of Claims

Marble advances the following claims:

(1) Defendant Poole unlawfully seized a valid medical marijuana card from him in violation of Mont. Code. Ann. § 50-46-319 on July 26, 2011. (Complaint–Doc. 2 at 16.)

(2) Defendants Strecker, Bethel, and Erickson arrested him without probable cause or reasonable suspicion on September 8, 2011 and Strecker did so in a malicious and sadistic manner by laughing at him and teasing him in violation of the Fourth Amendment, Fourteenth Amendment, and Article II sections 10, 11, and 17 of the Montana Constitution. (Complaint–Doc. 2 at 11, 13.)

(3) Defendants Strecker, Bethel, and Erickson searched his person on September 8, 2011 without probable cause or reasonable suspicion and in violation of the Fourth Amendment, the Fourteenth Amendment, and Article II, Sections 10, 11 and 17 of the Montana Constitution. (Complaint–Doc. 2 at 12.)

(4) Defendants Bethel and Strecker searched his vehicle on September 8, 2011 without probable cause or reasonable suspicion and seized 1 ounce of

8

medical marijuana in violation of Mont. Code Ann. § 50-46-319, the Fourth

Amendment, the Fourteenth Amendment, his right to privacy, and Article II,

Section 17 of the Montana Constitution.  (Complaint–Doc. 2 at 8, 15, 18, 19, 23.)

(5)  Defendant Poole filed reports of violation against him without probable

cause on September 14, 2011 and February 24, 2012 in violation of the Fourth

Amendment, Fourteenth Amendment, and Article II sections 10, 11, and 17 of the

Montana Constitution.  (Complaint–Doc. 2 at 9, 10.)

(6)  Defendants Poole and Smith violated his right to due process regarding

the reports of violations alleging he did not conduct himself as a "good citizen"

when there is no rule, statute, court decision or definition of any kind of what a

"good citizen is" in violation of the Fourteenth Amendment and Article II section

17 of the Montana Constitution.  (Complaint–Doc. 2 at 14.)

(7)  Defendants Smith and Poole violated his due process rights under the

Fourteenth Amendment and Article II section 17 of the Montana Constitution

when on September 19, 2011 they failed to make Dontigney available for

questioning at the preliminary hearing and did not allow him to present witnesses

or a defense at the preliminary hearing.  (Complaint–Doc. 2 at 17.)

(8)  Defendant Poole violated the First Amendment of the United States

Constitution and Article II, Section 7 of the Montana Constitution when he filed

two additional violations for dirty urine tests immediately after Marble was successful in having a grievance granted. (Complaint–Doc. 2 at 20, 21.)

(9) Defendants Strecker, Bethel, Erickson, Poole, and the City of Missoula wrongfully imprisoned him without probable cause from September 8, 2011 through May 23, 2012. (Complaint–Doc. 2 at 22.)

## II. Prescreening

### A. Standard

Marble is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) allows for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal

quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. False Arrest, Reports of Violations, and Malicious Prosecution**

**1. False Arrest**

The Fourth Amendment guarantees individuals the right "to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. Amend. IV. The Fourth Amendment requires that an arrest be supported by probable cause. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is

probable cause to believe that a criminal offense has been or is being committed."

*Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citations omitted).

An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010); *see also Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009). The inquiry is not whether the suspect actually committed the offense, but rather whether a reasonable officer, based on information known to him/her at the time, had probable cause to think that the suspect could have committed the offense. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 475 (9th Cir. 2007); *Kichnet v. Butte-Silver Bow County*, 364 Mont. 347, 274 P.3d 740 (Mont. 2012)("It is well-settled that a court's determination of probable cause is a complete defense to a claim of false arrest or imprisonment.").

Marble failed to alleged facts sufficient to support his claim that there was no probable cause. Marble advances only conclusory statements that he was arrested without probable cause. Erickson and Bethel both had received reports from Dontigny that Marble hit her in the face, Erickson observed injuries to Dontigny's face, and Marble admitted that "some drama" had occurred. According

to Poole's Reports of Violations, Marble was subject to the following parole condition, "I shall comply with all city, county, state, and federal laws . . . " (Report of Violation–Doc. 2-1 at 2.)  Defendants had probable cause that Marble had committed the criminal offense of misdemeanor assault and therefore, they had probable cause to arrest him for violating his parole condition that he comply with all laws.

Marble has the burden of alleging a lack of probable cause but he attached a police report that clearly established probable cause.  There is no allegation that Officer Erickson falsified that report.  The fact that the alleged violation was eventually dismissed does not diminish the extent of probable cause that existed at the time Marble was arrested.  Marble's claims of false arrest fail as a matter of law and should be dismissed.

## 2.  Reports of Violation

Similarly, Marble makes the conclusory statement that Officer Poole filed a report of violation without probable cause but provides no factual basis for his claims.  As set forth above, there was clearly probable cause to believe that Marble had violated his condition of parole that he obey all laws.  "[P]robable cause to believe that a person has committed any crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there

was no probable cause." *Ewing v. City of Stockton*, 588 F.3d 1218, 1230 n. 19 (9th Cir. 2009). Therefore, even if Poole included other violations in his reports for which there was no probable cause, the arrest for violating a state law was sufficient. Marble's claims against Poole for allegedly filing reports of violation without probable cause fail as a matter of law and should be dismissed.

### 3. Malicious Prosecution

Marble also alleges that he was imprisoned without probable cause from September 8, 2011 until May 23, 2012. (Complaint, Doc. 2 at 22). Marble's claims regarding his continued incarceration are most sensibly construed as claims of malicious prosecution. A malicious prosecution claim under 42 U.S.C. § 1983 requires proof (1) "that defendants prosecuted [plaintiff] with malice," (2) "without probable cause," and (3) "that they did so for the purpose of denying equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (internal citation omitted). Probable cause is an absolute defense to malicious prosecution. *Lassiter v.. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009). As the Court has found there was probable cause to arrest and imprison Marble, these claims also fail as a matter of law.

### C. Fourth Amendment – Search of Person and Car

Marble makes two search claims arising from the incidents of September 8,

2011 – a wrongful search of his person claim and a wrongful search of his vehicle claim. The touchstone for the analysis of an alleged Fourth Amendment violation is the reasonableness of all the circumstances, and requires a balancing of the intrusion on an individual's privacy against the need for the promotion of legitimate governmental interests. *United States v. Knights*, 534 U.S. 112, 118–119 (2001) (quotations and citation omitted).

As set forth above, there was probable cause to arrest Marble for a parole violation based upon the Dontigny assault. "A police officer who makes a lawful arrest may conduct a warrantless search of the arrestee's person." *Davis v. United States*, ___U.S. ___, 131 S.Ct. 2419, 2424, 180 L.Ed.2d 285 (2011) (*citing Chimel v. California*, 395 U.S. 752, 763 (1969)); *State v. Morris*, 230 Mont. 311, 318, 749 P.2d 1379 (Mont. 1988). Therefore, all claims regarding the search of Marble's person on September 8, 2011 fail as a matter of law and should be dismissed.

Marble's claims regarding the search of his vehicle, however, survive dismissal. "The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence." *Morrissey v. Brewer*, 408 U.S. 471, 477 (1972). "To accomplish the purpose of parole, those who are allowed to leave prison early are subjected to specified conditions for the duration of their terms. These conditions

restrict their activities substantially beyond the ordinary restrictions imposed by law on an individual citizen." *Morrissey*, 408 U.S. at 478.

According to the September 14, 2011 Report of Violation, Marble was on parole and in the ISP Sanctions Program on September 8, 2011 when he was arrested for assault and his car was searched by the parole officers. A search condition may be imposed upon an individual's parole. And a search conducted in accordance with the terms of that search condition does not run afoul of the Fourth Amendment. *See United States v. Baker*, 658 F.3d 1050, 1055–56 (9th Cir. 2011) (*citing Samson,* 547 U.S. at 846; *Motley v. Parks*, 432 F.3d 1072, 1083 n.9 (9th Cir. 2005) (en banc); and *Sanchez v. Canales*, 574 F.3d 1169, 1174 & n. 3 (9th Cir. 2009)).

Montana law permitted the parole board to impose conditions on Marble's parole. Mont.Code Ann. § 46-23-215. When an offender is paroled, he is subject to a number of standard rules unless otherwise ordered by the parole hearing panel. These conditions include the following:

> Upon reasonable suspicion that the offender has violated the conditions of supervision, a probation and parole officer may search the person, vehicle, and residence of the offender, and the offender must submit to such search.

Admin. R. Mont. 20.25.702(1)(g).

At this stage of this action, the record does not reflect whether Marble's

16

parole was subject to the referenced condition.  Consequently, the Court cannot conclude that Marble's allegations regarding the search of his car fail to state a claim, and the Court will order service of all claims regarding the search of his vehicle on Bethel and Strecker.

### D.  Property Deprivation–card and marijuana--Due Process

 "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property [without due process of law]; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  U.S. Const. Amend. XIV; *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  To state a claim of deprivation of property without due process of law, a plaintiff must establish that he was deprived of a cognizable property interest. *Foss v. National Marine Fisheries Service*, 161 F.3d 584, 588 (9th Cir. 1988).

Marble cannot state a property deprivation claim under the facts presented in the documents attached to the Complaint.  Marble's parole violation regarding being in possession of marijuana was dismissed because Marble's brother, Blaine, testified the marijuana was his.  Marble is bound by this testimony as he relied upon it in his parole revocation hearing.  In § 1983 actions, state law governs whether collateral estoppel applies to preclude relitigation of issues decided by a state court judgment.  *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir.

1990).  Montana applies "the following four-part test to determine whether collateral estoppel bars relitigation of an issue: (1) the identical issue raised was previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; (3) the party against whom collateral estoppel is now asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom preclusion is asserted must have been afforded a full and fair opportunity to litigate any issues which may be barred." *Stewart v. Liberty Northwest Ins. Corp.,* 370 Mont. 19, 23 299 P.3d 820, 824 (Mont. 2013)(*citing Baltrusch v. Baltrusch*, 331 Mont. 281, 290, 130 P.3d 1267, 1274 (Mont. 2006).

The issue of who owned the marijuana was raised in the parole revocation hearing, a final judgment on the merits was issued by the hearing officer, Marble was a party to the parole revocation hearing, and he was afforded a full and fair opportunity to litigate the issue heard.  Marble cannot now come in and argue that the marijuana was his.  As the marijuana did not belong to Marble, he does not have a protectible property interest and does not standing to bring a claim for being deprived of property that was not his.

With regard to the marijuana card, the Board of Pardons and Parole conducted a hearing on July 26, 2011 and included a special condition on Marble's parole not allowing him to participate in the medical marijuana program. *Id.*

18

Marble's parole officer confiscated his medical marijuana card pursuant to that hearing. As such, Marble has received due process with regard to the medical marijuana card seized on July 26, 2011.

Alternatively, marijuana is contraband under federal law. *See Gonzales v. Raich*, 545 U.S. 1, 27 (2005) (explaining that even if marijuana is used "for personal medical purposes on the advice of a physician," it is still considered contraband under the Controlled Substances Act, 21 U.S.C. § 801 et seq., which designates marijuana as contraband "for any purpose"). No person can have a legally protected interest in contraband per se. *United States v. Schmidt v. Cnty. of Nevada*, 2011 WL 2967786, at *5–6 (E.D.Cal. July 19, 2011) (citation omitted). Therefore, because marijuana is contraband per se under federal law, as mentioned above, no person can have a cognizable legal interest in it. *Id*.

Marble did not have a federal property interest in the marijuana or in his marijuana card. These claims will be recommended for dismissal.

### E. Due Process–witnesses at preliminary hearing

In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the United States Supreme Court held that, although parolees enjoy only "conditional liberty," termination of that liberty constitutes a "grievous loss" requiring "some orderly process." *Id.* at 495. The Supreme Court held that the process that is due to an individual facing

parole revocation includes "two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision." *Gagnon v. Scarpelli*, 411 U.S. 778, 781–782 (1973) (*citing Morrissey*, 408 U.S. 471). With respect to the preliminary hearing, the parolee is entitled to an "uninvolved decision-maker;" notice of the hearing and its purpose, including the nature of the alleged violations; the ability to speak on his own behalf, present letters, documents, or witnesses; the ability, in some cases, to question any person who has given adverse information on which parole revocation is to be based; a written summary of the proceedings; and a decision on the record. *Morrissey,* 408 U.S at 485–487. Marble alleges a due process violation for being deprived of witnesses at a preliminary hearing. As there is information in the record that he challenged that hearing and received a new hearing, this claim will be served upon Defendants Poole and Smith.

### F. First Amendment—Retaliation

Marble alleges Poole retaliated against him because he was successful in a grievance regarding his first parole revocation hearing. For the reasons stated below, the Court concludes this allegation survives dismissal.

The First Amendment to the United States Constitution prohibits state actors from retaliating against individuals for engaging in constitutionally protected activities. *Blair v. Bethel School District*, 608 F.3d 540, 543 (9th Cir. 2010).

> To recover under § 1983 for such retaliation, a plaintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.

*Blair*, 608 F.3d at 543 (*citing Pinard v. Clatskanie School Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006). The alleged adverse action need only be one "that is reasonably likely to deter" a plaintiff from engaging in constitutionally protected activity. *Blair*, 608 F.3d at 543 n. 1 (citation omitted). A defendant's retaliatory intent to chill a plaintiff's conduct, however, must be the but-for cause of the alleged retaliatory action. *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900–901 (9th Cir. 2008).

For purposes of Marble's retaliation claim, the Court finds his Complaint sufficiently alleges he was engaged in constitutionally protected activity. The First Amendment affords an individual a right "to petition the Government for a redress of grievances." U.S. Const. Amend. I. An individual has a constitutionally protected right of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002). Thus, Marble's pursuit of his legal remedies as alleged in his

Complaint was protected conduct. Consequently, with liberal construction of Marble's allegations, at this stage of these proceedings the Court cannot conclude that Marble's Complaint fails to state a claim for retaliation under the elements set forth above. The Court will order service of this claim on Poole.

### G. City of Missoula

To establish liability against a municipality such as the City of Missoula, a plaintiff must show that his constitutional rights were violated pursuant to a policy, practice, or custom of the named entity. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694; *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). In *Monell*, 436 U.S. 658, the United States Supreme Court, announced the following standard governing the liability of a municipality under § 1983:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 694. The *Monell* standard governs both a city and a county's § 1983 liability. *McMillian v. Monroe County*, 520 U.S. 781, 783 (1997).

To establish municipal liability, a plaintiff must show that: (1) a municipal employee violated his constitutional rights; (2) the municipality had a custom, practice, or policy that amounted to "deliberate indifference"; and (3) the

municipal custom, practice, or policy was the "moving force" behind the employee's violation of the plaintiff's constitutional rights. *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1193–94 (9th Cir. 2002).

Here, the only City employee named in the Complaint is Officer Erickson. As set forth above, Officer Erickson clearly had probable cause to arrest Marble and as such, all claims against Officer Erickson are being recommended for dismissal. As no City employee violated Marble's constitutional rights, the claims against the City of Missoula also fail.

## III. Conclusion

The Court has considered whether Marble's Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Marble has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). The Court concludes that dismissal of Marble's claims against Defendants Strecker, Bethel, Smith, and Poole regarding the search of his vehicle, due process at his preliminary parole revocation hearing, and retaliation is not appropriate at this time. These Defendants must make an appearance on these claims. The Court makes no conclusions about the truth of Marble's allegations or about the strength of his claims or of the evidence he might offer to corroborate

23

them.  The Court only finds that Marble has said enough to require a response from these Defendants.

Marble's claims regarding the seizure of his marijuana and marijuana card, reports of violation being made without probable cause, false arrest, false imprisonment, malicious prosecution, and the search of his person on September 8, 2011 fail to state a federal claim upon which relief may be granted.  These claims and Defendants Erickson and the City of Missoula will be recommended for dismissal.

Based on the foregoing, the Court issues the following:

**ORDER**

1.  Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendants Strecker, Bethel, Smith, and Poole to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons.[3]  The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**.  If Defendants choose to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may

_____

[3]Defendants Erickson and the City of Missoula will be recommended for dismissal and are not required to file a responsive pleading at this time.

occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

2.  The Clerk of Court shall forward the documents listed below to:

| | |
|---|---|
| Legal Counsel for the<br>Montana Department of Corrections<br>P.O. Box 201301<br>Helena, MT 59620-1301 | Probation and Parole Officers Melissa<br>Strecker, Jared Poole, Andrea Bethel, and<br>Heather Smith<br>2415 Mullan Road<br>Missoula, MT  59808 |

*      the Complaint (Doc. 2);

*      this Order;

*      a Notice of Lawsuit & Request to Waive Service of Summons; and

*      a Waiver of Service of Summons

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed.  *See* D. Mont. L.R. 12.2.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Marble <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Marble shall immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Marble's claims regarding the seizure of his marijuana and marijuana card, reports of violation being made without probable cause, false arrest, false imprisonment, malicious prosecution, and the search of his person on September 8, 2011 and Defendants Erickson and the City of Missoula should be dismissed.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Marble may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[4]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 26th day of February, 2014.

        _/s/ Jeremiah C. Lynch_____
        Jeremiah C. Lynch
        United States Magistrate Judge

_____

[4]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:

| | |
|---|---|
| Legal Counsel for the | Probation and Parole Officers Melissa |
| Montana Department of Corrections | Strecker, Jared Poole, Andrea Bethel, and |
| P.O. Box 201301 | Heather Smith |
| Helena, MT 59620-1301 | 2415 Mullan Road |
| | Missoula, MT 59808 |

     A lawsuit has been commenced by a pro se plaintiff against you or an individual you may represent. A copy the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-13-00186-M-DWM-JCL. The Court has completed its pre-screening and concludes you must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

     This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," served with this Notice.

     If you comply with this request and timely file the waiver, no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

     If you do not wish to waive service, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on you and may impose the full costs of such service.

       */s/ Jeremiah C. Lynch*
       Jeremiah C. Lynch
       United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: *Marble v. Strecker, et al.*, Civil Action No. CV-13-00186-M-DWM-JCL filed in the United States District Court for the District of Montana.  Defendants also received a copy of the Complaint. Defendants agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

      The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  We understand judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

      The following defendant declines to waive service.

_____; _____;

_____; _____;


_____      _____

DATE                                    SIGNATURE


                                        _____

                                        PRINTED/TYPED NAME


                                        _____

                                        ADDRESS