IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| CODY WILLIAM MARBLE,<br><br>Plaintiff,<br><br>vs.<br><br>MELISSA STRECKER, ANDREA BETHEL, JARED POOLE, HEATHER SMITH, DEVIN ERICKSON, and THE CITY OF MISSOULA,<br><br>Defendants. | CV 13–186–M–DWM<br><br><br>ORDER |

This matter comes before the Court on the proposed Findings and Recommendations entered by United States Magistrate Judge Jeremiah C. Lynch, (Doc. 7), regarding the Complaint filed by Plaintiff Cody William Marble. Because Marble is a prisoner proceeding *in forma pauperis*, upon filing, this matter was referred to Judge Lynch for prescreening. *See* 28 U.S.C. § 1915; L.R. 72.2(a). Judge Lynch conducted the required prescreening and filed his proposed Findings and Recommendations on February 26, 2014. (Doc. 7 at 27.) "Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of

court." 28 U.S.C. § 636(b)(1). Because the statutory objections period states that a party may file objections within a specified time after service of the findings and recommendations, and service of the Findings and Recommendations at issue was made by mail and electronic means, three days are added after the period would otherwise expire. *See* Fed. R. Civ. P. 6(d). Accordingly, written objections to Judge Lynch's proposed Findings and Recommendations were due March 17, 2014.

Judge Lynch's proposed Findings and Recommendations are reviewed for clear error. No party timely filed written objections to the proposed Findings and Recommendations. When no party objects, the Court reviews the proposed findings and recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch ordered Marble's claims regarding the search of his vehicle, due process at his preliminary parole revocation hearing, and retaliation be served on Defendants Strecker, Bethel, Smith, and Poole. (Doc. 7 at 24.) Plaintiff's claims regarding the seizure of his marijuana and medical marijuana card, reports

of violation made without probable cause, false arrest, false imprisonment, malicious prosecution, and the search of his person on September 8, 2011 were reviewed by Judge Lynch and found to fail to state a claim upon which relief may be granted. Judge Lynch recommends these claims be dismissed. (*Id.* at 27.)

Judge Lynch's report contains no mistake of fact or law and it will be adopted in full. Plaintiff's claims regarding the seizure of his marijuana and medical marijuana card, reports of violation made without probable cause, false arrest, false imprisonment, malicious prosecution, and the search of his person on September 8, 2011 do not state a ground for relief before this Court.

IT IS ORDERED:

(1) Judge Lynch's proposed Findings and Recommendations, (Doc. 7), are ADOPTED IN FULL.

(2) Claims regarding the seizure of marijuana and a medical marijuana card, reports of violation made without probable cause, false arrest, false imprisonment, malicious prosecution, and unlawful search of his person on September 8, 2011 advanced by Plaintiff Cody William Marble are DISMISSED WITH PREJUDICE.

(3) Defendants Devin Erickson and the City of Missoula are DISMISSED. The caption of this matter shall be amended

accordingly.

DATED this 10th day of April, 2014.

_____
Donald W. Molloy, District Judge
United States District Court