IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CODY WILLIAM MARBLE,<br><br>Plaintiff,<br><br>vs.<br><br>JARED POOLE and HEATHER SMITH,<br><br>Defendants. | CV 13-186-M-DWM-JCL<br><br><br>ORDER |

Plaintiff Cody William Marble brings this action under 42 U.S.C. § 1983 against two state parole officers, Jared Poole and Heather Smith, alleging they violated his right to due process with respect to a preliminary parole revocation hearing. Poole and Smith filed motions for summary judgment, asserting qualified immunity and that Marble was afforded an adequate postdeprivation remedy through a grievance process. (Docs. 23, 26.) The Court referred both issues to Magistrate Judge Jeremiah Lynch. (Doc. 40.) Judge Lynch entered Findings and Recommendations on November 16, 2015, recommending that Poole's motion be granted and that Smith's motion be denied. (Doc. 44.) Smith and Marble filed timely objections. (Docs. 45, 46.) The objections are reviewed de novo. 28

U.S.C. § 636(b)(1).

Smith argues she is entitled to qualified immunity and that Marble was afforded an adequate postdeprivation remedy. Her objections are overruled. Marble argues Poole is not entitled to qualified immunity. His objection is overruled.

## I. Qualified Immunity

"Determining whether officials are owed qualified immunity involves two inquiries: (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." *Robinson v. York*, 566 F.3d 817, 821 (9th Cir. 2009). The second prong will be addressed first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

### A. Whether the Right Was Clearly Established

According to the leading case on parole revocation, parolees are entitled to due process in the revocation of their parole. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Due process requires that a "preliminary hearing" be conducted "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole

conditions." *Id.* at 485. Due process allows for the presence of witnesses at the preliminary hearing. First, the parolee "may bring . . . individuals who can give relevant information to the hearing officer." *Id.* at 487. Second, "[o]n request of the parolee, [a] person who has given adverse information on which parole revocation is to be based is to be made available for questioning in his presence. However, if the hearing officer determines that an informant would be subjected to risk of harm if his identity were disclosed, he need not be subjected to confrontation and cross-examination." *Id.* The test for the confrontation right has been clarified since *Morrissey* and provides that "in determining whether the admission of hearsay evidence violates the releasee's right to confrontation in a particular case, the court must weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999).

Montana established a regulatory scheme in line with *Morrissey*, and under that scheme a parolee is entitled to a preliminary hearing after arrest for an alleged violation of parole. Mont. Code Ann. § 46–23–1024. According to that statute, "[t]he parolee . . . must be allowed to . . . introduce relevant information to the hearings officer." § 46–23–1024(2). Pursuant to Administrative Rule of Montana

20.2.208,[1] the parolee shall be served with notice of the preliminary hearing apprising him that he "may bring . . . individuals that can give relevant information to the hearing officer," that "[u]pon [his] request, persons who have given adverse information . . . will be made available for questioning in [his] presence," and that he "is entitled to legal counsel at the hearing, however, counsel and witnesses must be notified by the parolee and secured at [his] own expense." (Doc. 33-1 at 11.) Additionally, rule 20.2.209 specifies that "[i]f the parolee is being detained pending hearing, the parole officer shall contact the requested witnesses and inform [them] of the time and place of the hearing." (*Id.*)

Accordingly, at the time of the preliminary hearing, it was clearly established that a parolee has the right to present evidentiary witnesses at the preliminary hearing and, if the parolee is in custody, the parole officer will notify his requested witnesses. Additionally, it was clearly established that a parolee has the right to question adverse witnesses and that the government must present requested witnesses for questioning at the preliminary hearing, absent a showing of good cause.

Smith argues that the good cause balancing test is not clearly required for

---

[1] Rules 20.2.208 and 20.2.209 were repealed on August 10, 2012, but in effect at the time of the September 22, 2011 hearing.

preliminary hearings if *reliable* documentary hearsay evidence is presented. The Ninth Circuit, however, has made it clear that "[t]he application of a balancing test to the admission of hearsay evidence in parole revocation hearings is not an open question in this circuit." *Valdivia v. Schwarzenegger*, 599 F.3d 984, 990 (9th Cir. 2010). Indeed, a majority of circuits apply the balancing test, *see Curtis v. Chester*, 626 F.3d 540, 545 (10th Cir. 2010) (collecting cases), and Smith does not present any applicable authority indicating that the balancing test does not apply with equal force to preliminary hearings. *See Farrish v. Miss. St. Parole Bd.*, 836 F.2d 969, 977–78 (5th Cir. 1988) (declining to read *Morrissey* as allowing for a more lenient standard and citing the balancing test for preliminary hearings).

## B. Whether the Facts Alleged Show the Right Was Violated

The due process right to present evidentiary witnesses who can offer relevant information at a preliminary hearing is absolute. *See Morrissey*, 408 U.S. at 487 (no conditions placed on right to present evidentiary witnesses, unlike adverse witnesses); *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) (referring to the right to call witnesses at a revocation hearing as "basic to a fair hearing" and "unqualified"). Here, it is undisputed that Marble was incarcerated and he requested the presence of Jerry Marble, Blaine Marble, and Brittany Wells. Construing the facts in Marble's favor, these witnesses would have offered

relevant, exculpatory information, and although Smith undertook to contact them on Marble's behalf, she did not inform them of the hearing. A reasonable jury could find that Smith violated Marble's right to present these witnesses by failing to notify them of the hearing.

As stated above, the due process right to question adverse witnesses at a preliminary hearing is conditional: the parolee must request their presence, and the government need not present them if the government's good cause for not presenting them outweighs the parolee's interest in his right to confrontation. *Valdivia*, 599 F.3d at 989. Here, it is undisputed that Marble requested the presence of Dontigny and that Marble knew Dontigny's identity. *See Morrissey*, 408 U.S. at 487. Construing the facts in Marble's favor, Smith made two phone calls to Dontigny but did not inform Dontigny that her presence was necessary at the preliminary hearing. Because Smith relied solely on hearsay evidence in finding probable cause that Marble assaulted Dontigny, a reasonable jury could find that Smith violated Marble's right to confront Dontigny because Smith did not have good cause for failing to notify Dontigny to maker her available for questioning.

Relying on two inapposite district court habeas corpus cases, Smith argues that the reports of Officers Erickson and Bethel as well as the charges against

Marble were sufficiently reliable to support a finding of probable cause. Smith's argument lacks merit because the balancing test is the relevant inquiry, not reliability. In applying the balancing test, courts look to the government's reasons for not presenting an adverse witness and relying on hearsay evidence against "the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be proven by the evidence." *Id.* (quoting *Comito*, 177 F.3d at 1171). Here, Smith's post-hearing reasoning for Dontigny's absence being that Dontigny was afraid to testify does not weigh heavily in Smith's favor, as Smith never spoke to Dontigny and there is no evidence Dontigny would have been subject to a risk of harm by testifying. Also, Smith relied solely on hearsay evidence to find probable cause that Marble assaulted Dontigny, which precluded Marble from cross-examining Dontigny about her statements to Officer Erickson regarding the alleged assault. Poole was an inadequate substitute. Despite the reports and charges,[2] a reasonable jury could find Marble's right to question Dontigny was violated.

Marble argues that because the responsibility for contacting witnesses on behalf of parolees in custody is placed on the supervising parole officer, a

---

[2] Moreover, the State of Montana Probation and Parole Bureau Standard Operating Procedure No. P&P 140-2, last revised August 20, 2007, provides that only when a parolee has been *convicted* of new charges is probable cause clearly established. (Doc. 33-1 at 13, 14, 17.)

reasonable jury could find that Poole also violated Marble's rights by failing to notify Marble's witnesses. The Court disagrees. The Court in *Morrissey* established that "due process is flexible and calls for such procedural protections as the particular situation demands." 408 U.S. at 481. Although rule 20.2.209 and Procedure No. 140-2 place the duty to contact witnesses on the supervising officer, Smith (Poole's supervisor) relinquished Poole of his duty by undertaking the task herself. Established law at the time of the preliminary hearing required nothing more.

## II. Postdeprivation Remedy

"[A] state can cure what would otherwise be an unconstitutional deprivation of 'life, liberty or property' by providing adequate postdeprivation remedies." *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). The United States Supreme Court established this postdeprivation remedy rule in *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517 (1984), cases in which officials "acted in random, unpredictable, and unauthorized ways." *Zimmerman*, 255 F.3d at 738. Therefore, *Parratt* and *Hudson* did not apply to the Court's later decisions in *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982), and *Zinermon v. Burch*, 494 U.S. 113 (1990), where officials acted "pursuant to some established procedure." *Zimmerman*, 255 F.3d at 738.

Smith argues that *Parratt* and *Hudson* apply here because Smith "violated" the procedures she was acting under, rendering her actions random, unpredictable, and unauthorized. Her argument, however, is unpersuasive according to *Logan* and *Zinermon*, which apply in this case. In each of those cases, officials were acting according to an established procedure, but they failed to adequately follow the procedure and take notice of the error. *Logan*, 455 U.S. at 1152 (failure to convene a factfinding conference within statutorily-required 120 days); *Zinermon*, 494 U.S. at 118–19 (procedural admission of mental patient as "voluntary" without recognizing his incompetence to sign admission forms). Similarly, Smith was acting according to the established procedures for conducting preliminary hearings when she undertook to contact Marble's requested witnesses but failed to inform them of the hearing and the necessity of their presence.

In accordance with *Zinermon*, the deprivation here took place at a predictable time in the parole revocation process, that is when parole violations have been reported and the preliminary hearing is to be conducted. 494 U.S. at 136. Also, predeprivation process was not impossible here because the parole revocation procedures are themselves that process. *Id.* at 136–37. Finally, Smith's conduct was not unauthorized given that Montana's statutes, rules, and procedures addressing the parole revocation process delegate to parole officers the

authority to report violations, conduct hearings, and initiate the necessary procedural safeguards. *Id.* at 137. Because *Parratt* and *Hudson* do not apply, they do not foreclose Marble's due process challenge.

Accordingly, IT IS ORDERED that the Findings and Recommendations (Doc. 44) are ADOPTED IN FULL. Defendant Smith's motion for summary judgment (Doc. 23) is DENIED as to Plaintiff Marble's witness notification claim, and Defendant Poole's motion for summary judgment (Doc. 26) is GRANTED.

DATED this 25th day of February, 2016.

Donald W. Molloy, District Judge
United States District Court